# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES EDWARD JONES, ) | |
| ) | |
| Movant, ) | Case No. 3:13-cv-00200 |
| ) | Senior Judge Haynes |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Movant, James Edward Jones, filed this action under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence under the Armed Career Criminal Act ("ACCA") based upon ineffective assistance of counsel citing his counsel's alleged conflict of interest. After an initial review, the Court appointed counsel to represent Movant, but his counsel filed a Memorandum that Movant's claims lack merit. (Docket Entry No. 11).

Movant was charged with being a convicted felon in possession of a firearm and in a superseding information with possession of a stolen firearm that based upon his criminal history subjected him to a sentence range of fifteen (15) years to life under the ACCA. Movant's counsel, Sumter Camp, Assistant Federal Public Defender, negotiated a plea agreement under which Movant pled guilty to the superseding information, charging possession of a stolen gun, in exchange for a 120 months sentence, that is five (5) years less than the minimum mandatory sentence under ACCA.

On August 26, 2011, a plea hearing was held in which Movant presented his plea petition and agreement under Fed. R. Crim. P. 11(c)(1)(C). The Court accepted his guilty plea, but reserved acceptance of the agreed sentence pending review of the presentence report and sentence hearing. Movant did not file any objections to the presentence report. At the sentencing hearing on November

18, 2011, the Court accepted the parties' plea agreement and sentenced Movant to 120 months imprisonment and 3 years supervised release. The docket in Movant's criminal case does not reflect a notice of appeal. On June 8, 2012, the Court received a letter from Movant requesting help in getting a sentence hearing transcript, but without any statement of the reason or purpose for his request. On October 22, 2012, the Court received another letter from Movant requesting only credit towards his sentence. By an Order dated November 11, 2012, the Court required the United States to respond to which Movant filed a reply. On November 30, 2012, the Court concluded that Movant must first exhaust his administrative remedies within the Bureau of Prisons and thereafter, if necessary to file any action in the district of his confinement.

The parties' plea agreement provided for waiver of appeal of the guilt finding based on the guilty plea, as well as waiver of appeal of any sentence which was the same or less than provided for in the plea agreement. The agreed sentence was 120 months. The agreed sentence guidelines recommendation was 130-162 months. The parties' plea agreement also provided that if "the Court refuses to impose the agreed term of incarceration, thereby rejecting the Plea Agreement, or otherwise refuses to accept the defendant's plea of guilty, either party shall have the right to withdraw from the Plea Agreement." United States v. Jones, Case No. 3:09-cr-00223, Docket Entry No. 75 at 10.

Twenty-eight U.S.C. § 2255 provides post conviction relief where a conviction or sentences violates the Constitution or federal law resulting in a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 348 (1994). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or

motion filed under Section 2255. In addition, where, as here, the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996). An evidentiary hearing is also not required if "the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Arrendondo v. United States, 178 F.3d 778, 782 (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The United States asserts that this action is untimely because there was not any appeal of Movant's criminal judgment that became final ten (10) days after entry of the Judgment and Commitment Order, November 23, 2011. Movant filed this action on March 6, 2013.

Twenty-eight 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The determination of the finality date of a criminal judgment—that is, the date the one-year limitations period begins to run—depends on the defendant's post-conviction appellate activity. First, a federal criminal judgment becomes final for the purpose of section 2255 at the conclusion

3

of direct review. United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002). "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003). Second, a federal criminal judgment that is not appealed becomes final for the purpose of section 2255 fourteen days after it is entered. F.R. App. P. 4(b)(1)(A); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004).

Movant's judgment was entered on November 23, 2011. Movant's judgment was not appealed and became final on December 7, 2011. The one-year limitation period would expire on December 7, 2012. Movant's motion was not filed until March 6, 2013.

In his original motion, Movant asserts that he believed that he had fifteen months from the date the judgment was final and that the deadline to file his appeal was 180 days. The Court informed Movant at sentencing that he had fourteen (14) days after entry of judgment to appeal. United States v. Jones, Case No. 3:09-cr-00223, Tape No. 1900, Sentencing Hearing at 3440-3911. The Court cannot discern any reason in fact or law or authority to excuse Movant's untimely filing.

In his original motion, Movant presented three claims: (1) that his counsel failed to investigate his case, including his mental illness and to contest the Government's case on the sentence enhancement under U.S.S.G. 2K2.1(b)(6); (2) that the Court had an interest in his sentence and failed to establish the bases for Movant's second offense that the State allegedly dismissed to justify an enhancement of his sentence; and (3) the Movant requested defense counsel to file an appeal. (Docket Entry No. 1 at 4-7; 2 at 5, 8). Movant raised his failure to appeal claim in the original motion that is time barred.

To prevail on his ineffective assistance of counsel claims, Movant bears the burden to show:

4

(1) his trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

Here, Movant pled guilty to a lesser included offense that reduced his sentence to 10 years, instead of the mandatory minimum of 15 years and the potential maximum of life imprisonment under his original charges. In his supplemental pleading, Movant cites Alleyne v. United States, 133 S.Ct. 2151 (2013), arguing that his counsel was ineffective in plea negotiations because he should have known that the government's original indictment could not have resulted in Armed Career Criminal enhancements because the indictment did not allege his three qualifying violent felony convictions. Under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), prior convictions that enhance sentences need not be alleged or proven to a jury. See, e.g., United States v. Bennett, 398 F.3d 516, 524 (6th Cir. 2005); United States v. Hill, 440 F.3d 292, 298 (6th Cir. 2006). This claim lacks merit.

Movant's presentence report reflects his four prior felony convictions under Tennessee law: aggravated assault class C felony conviction in case IF6709 from Davidson County, Tennessee; drug sale class C conviction in case 2003-I-663 from Davidson County, Tennessee; evading arrest class E conviction in case 2007-A-256 from Davidson County, Tennessee; and evading arrest class D conviction in case 2008-A-985 from Davidson County, Tennessee. The Sixth Circuit has held these offenses to qualify for the ACCA enhancement. See United States v. Doyle, 678 F.3d 429 (6th Cir.

2012) (holding that a prior conviction for class E evading arrest is a violent felony for purposes of the ACCA).

Movant did not dispute the facts in his presentence report, including these state convictions by objecting to that report. The presentence report guidelines sentence calculation at the low end was ten months more than the parties' agreed sentence. The presentence reflects that Movant was in a stolen vehicle with a broken window when he fled in possession of a weapon. That weapon was possessed in connection with the theft of the vehicle that is a class D felony in Tennessee. Finally, the Court is not required to make specific findings of fact to support a guidelines recommendation, particularly where the sentence is agreed in a plea agreement under Rule 11(c)(1)(C).

Movant's plea agreement was under Fed. R. Crim. P. 11(c)(1)(C) for a sentence of 120 months with three (3) years of supervised release. At the plea hearing, Movant admitted that he possessed a stolen weapon and that he was guilty. If Movant's counsel had been requested to file an appeal, any appeal would have been dismissed because Movant waived his appeal in his plea agreement.

As to Movant's alleged diminished mental capacity, Movant does not allege a mental incapacity that was known to him or his counsel prior to the sentence hearing. The presentence report refers to Movant's schizophrenia and bipolar disorder in his youth in 2004. Movant's counsel was aware of Movant's prior mental health issue. This diagnosis of schizophrenia and bipolar disorder was in 2004 for which he was prescribed medicine. There is not any proof or allegation that Movant was mentally disabled at the time of his plea hearing on August 3, 2009. At his plea and sentencing hearings, Movant assured the Court that he understood his rights, his plea agreement and his sentence.

For these reasons, the Court concludes that Movant's claims should be dismissed without a hearing.

An appropriate Order is filed herewith.

ENTERED this the ____ day of February, 2016.

WILLIAM J. HAYNES, JR.
United States District Judge